Opinion delivered June 11, 1887.

---

Nos. 5428, 5429, 5430, 5431.

Homer Mee *v.* The State.

Forgery—Indictment—Evidence—Variance.—See the opinion *in extenso* for the substance of an indictment for forgery, and for the contents of the alleged forged instrument, between which two documents there is held to be no variance, wherefore the forged instrument was properly admitted as evidence.

Appeal from the District Court of Fannin.    Tried below before the Hon. D. H. Scott.

The conviction in each of these cases was for the forgery of orders for the payment of free school vouchers, each in the sum of five dollars.    The penalties awarded were terms of two years in the penitentiary in each case.    The sufficiency of the evidence to support these convictions does not enter into the disposition of these appeals, and therefore the evidence is not set out.

*Taylor & Galloway*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Hurt, Judge.    These are four convictions for forgery against appellant, all of which present the same questions.

The indictment alleges that the instruments forged purported to be the acts of Martin McFarland and Mark Adams as trustees of Pleasant Grove *free* school community No. 83, Fannin county, Texas.    These instruments are set out by their tenor, and are as follows:

"$5.00.                          LADONIA, TEXAS, March 30, 1886.
PLEASANT GROVE SCHOOL COMMUNITY NO. 83.

Pay to Edmund Shores the sum of five dollars belong said community, for house rent use, as service for free school, from 22 of February, 1886, to 19 of March, 1886, being one month at five dollars per month.

MARTIN McFARLAND,
MARK ADAMS,
Trustees of School Community 83, Fannin county, Texas."

Upon the trial the appellant objected to the introduction in evidence of the instrument, upon the ground of variance between the purport and tenor clauses of the instrument offered in evidence.

The indictment alleges that appellant forged an instrument which purported to be the act of Martin McFarland and Mark Adams, the trustees of Pleasant Grove *free* school community, etc. Does the instrument purport to be the act of these men? And do they, from the instrument, purport to be the trustees of Pleasant Grove *free* school community? If not, there may be a chance for variance. But if, from any part of the instrument, McFarland and Adams are shown to be the trustees of Pleasant Grove *free* school community, then there is no variance.

By an inspection of the indictment it will be seen that it is called "free school;" therefore the supposed variance vanishes. This disposes of all questions arising from the supposed variance of the purport and tenor clauses.

We have very carefully considered the other grounds urged for reversal of the judgment, and do not think either of them well taken; and since the questions presented have been elaborately discussed in former opinions of this court, we will not go over the ground again. The judgments in the four above styled and numbered cases are affirmed.

*Affirmed.*